Trinidad Marilu Paulet DE FLORES; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72550.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Sara Ann Ketchum, U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Juan Arelio Flores Lazo ("Flores"), his wife Trinidad Marilu Paulet de Flores, and two children Juan Alonso Flores Paulet and Emily Flores Paulet, all natives and citizens of Peru, petition for review of the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") order denying Flores' applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review the agency's factual findings for substantial evidence, reversing such findings only if "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

The agency denied Flores' application for asylum as untimely, and Flores does not challenge that ruling before this court.

With respect to withholding of removal, the threatening phone calls Flores received before coming to the United States do not compel a finding of past persecution that would give rise to a presumption Flores would be persecuted upon returning to Peru. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000) (observing that unfulfilled threats, without more, generally do not constitute past persecution, and contrasting "extreme" cases where additional circumstances of confrontation or mistreatment warranted finding that threats constituted past persecution). Moreover, Flores testified that he was targeted as an employee of Occidental Petroleum Corporation, a company from which he resigned in February 1994, and he presented no evidence that those who threatened him have had any interest in him since that time. Thus, the record does not compel a finding that there is a clear prob-

ability Flores would be persecuted upon returning to Peru. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1223 (9th Cir.2005) (even where applicant received threat after coming to the United States, and mere months before applying for asylum, "objective fear of future persecution—perhaps sufficient for an asylum claim, in which a ten percent chance of persecution could suffice—... is too speculative to vault [the applicant] over the much higher threshold of withholding of removal").

Flores does not claim he or anyone in his family has been tortured, and the record contains no evidence that Peruvian officials or anyone acting with their acquiescence has any interest in him or his family. Therefore, substantial evidence supports the determination that Flores did not establish eligibility for protection under CAT. *See* 8 C.F.R. § 1208.16(c)(2); *see also* 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DENIED.**